AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Richard Gutowski<br><br>*Defendant* | )<br>)  **Case: 1:24-mj-00250**<br>)  **Assigned to: Judge Faruqui, Zia M.**<br>)  **Assign Date: 8/13/2024**<br>)  **Description: COMPLAINT W/ ARREST WARRANT**<br>) |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   Richard Gutowski
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☒ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1)- Entering and Remaining in a Restricted Building or Grounds,
18 U.S.C. § 1752(a)(2)- Disorderly and Disruptive Conduct in a Restricted Building or Grounds,
40 U.S.C. § 5104(e)(2)(D)- Disorderly Conduct in a Capitol Building,
40 U.S.C. § 5104(e)(2)(G)- Parading, Picketing, and Demonstrating in a Capitol Building.

| | |
|---|---|
| | *signature*   **Zia M. Faruqui** |
| Date:      08/13/2024 | *Issuing officer's signature* |
| City and state:      Washington, D.C. | Zia M. Faruqui, U.S. Magistrate Judge<br>*Printed name and title* |

### Return

This warrant was received on *(date)* 8/13/24 , and the person was arrested on *(date)* 9/13/24
at *(city and state)* Defiance, OH

Date: 9/16/24

_____
*Arresting officer's signature*

Chad Smith / Deputy US Marsh
*Printed name and title*

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| United States of America <br> v. <br> Richard Gutowski, (DOB: XXXXXXXXX) <br> John Carl , (DOB: XXXXXXXX) <br><br> _____ <br> *Defendant(s)* | ) Case: 1:24-mj-00250 <br> ) Assigned to: Judge Faruqui, Zia M. <br> ) Assign Date: 8/13/2024 <br> ) Description: COMPLAINT W/ ARREST WARRANT <br> ) <br> ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the
_____ in the District of ___ Columbia ___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 231(a)(3)- Civil Disorder, | |
| 18 U.S.C. § 1752(a)(1)- Entering and Remaining in a Restricted Building or Grounds, | |
| 18 U.S.C. § 1752(a)(2)- Disorderly and Disruptive Conduct in a Restricted Building or Grounds, | |
| 40 U.S.C. § 5104(e)(2)(D)- Disorderly Conduct in a Capitol Building, | |
| 40 U.S.C. § 5104(e)(2)(G)- Parading, Picketing, and Demonstrating in a Capitol Building. | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Zia M. Faruqui

Date: ____ 08/13/2024 ____

_____
*Judge's signature*

City and state: _____ Washington, D.C. _____

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

## STATEMENT OF FACTS

Your affiant, ███████████████ is a Task Force Officer assigned to the Federal Bureau of Investigation ("FBI") Newark Field Office, Joint Terrorism Task Force, under whose authority I was sworn in by the US Department of Justice as a Special Deputy U.S. Marshal, charged with the duties of investigating violations of Federal Law. My employing agency is the Jersey City Police Department where I hold the rank of Sergeant. In my duties as a Task Force Officer, I have led and/or participated in a number of National Security investigations related to both Domestic and International Terrorism. I have completed training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, and various other criminal laws and procedures. Among other matters, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Task Force Officer, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police ("USCP"). Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by USCP. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. EST Shortly thereafter, by approximately 1:30 p.m. EST, the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and USCP were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the USCP attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the USCP, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. EST members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice

President Mike Pence, were instructed to and did evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. EST. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

## Identification of Richard GUTOWSKI

On 1/25/2021 the FBI Newark Field Office received information that on 1/9/2021, at approximately 9:00 a.m., Eastern Time, RICHARD GUTOWSKI, residential address ********, Roseland, NJ 07068, email address *********@philanthropic.life, cellular telephone ***-***-7422, submitted an online tip to the FBI National Threat Operations Center (NTOC) via www.fbi.gov to report himself as a participant in the riots at the U.S. Capitol on 1/6/2021. Within the tip, GUTOWSKI admitted to trespassing and entering the Capitol building.

The tip stated, "I was a trespasser/observer in the back of th ebuilding (sic). I would plead guilty to trespass or what ever (sic) crimes i committed to offer a full statement (sic) of what i saw. If you tell me which office to go to i will come down voluntarily. I think something fishy was going on and the sooner we get to the bottom of it the better I can come today or as soon as you are available. Thank you for your service."

The tip listed "smashing windows" and "pushing over barricades" as other crimes that occurred.

## GUTOWSKI's January 25, 2021 Interview

On January 25, 2021, after receiving predicating information, Special Agent Brian Papke and Task Force Officer Matthew Scalcione conducted a recorded non-custodial interview of GUTOWSKI at his residence in Roseland, New Jersey. During the interview, GUTOWSKI confirmed that, on January 9, he personally submitted the online tip to NTOC, reporting himself as a participant in the riots at the Capitol on January 6. He further confirmed that the details provided in the tip were truthful and he did enter the Capitol. GUTOWSKI told SA Papke and TFO Scalcione the following:

GUTOWSKI traveled from his home in New Jersey on January 5, 2021 to Wilson, North Carolina to pick up his friend, John CARL, whom he knew through past and present business dealings. GUTOWSKI and CARL then traveled to Washington, D.C. where they stayed at a hotel booked under GUTOWSKI's name.

On January 6, GUTOWSKI and CARL walked to the rally near the White House where then-President Donald Trump was scheduled to speak. GUTOWSKI and CARL then walked to the Capitol. Upon arrival, they saw temporary fencing that had been pushed over, allowing them

access to areas GUTOWSKI believed were not intended to be accessible. GUTOWSKI and CARL made their way up the stairs to the Capitol building where GUTOWSKI observed other people breaking windows and entering the building through those windows. A person from inside the building then opened a door near him.

GUTOWSKI confirmed that both he and CARL entered the Capitol with many others. He knew at that time that his entry was unlawful and that he was committing the crime of trespass. GUTOWSKI estimated that he did not go far inside the Capitol and remained for approximately thirty minutes. During that time, CARL went further into the building and returned saying that there were police officers further inside denying entry deeper into the building. GUTOWSKI and CARL then exited the building using the same door through which they entered.

At various points in the interview, GUTOWSKI voluntarily showed pictures that he had taken during the event on his cell phone and permitted SA Papke to take pictures of the images as displayed on his (GUTOWSKI's) phone. *See Image 1*. GUTOWSKI stated that he had a limited number of photos as his phone's battery died shortly after he arrived at the Capitol.



*Image 1 – Example of a picture of the Capitol Riot taken by GUTOWSKI*

The following day, SA Papke received an e-mail from GUTOWSKI via e-mail address: "*******@stonegate.life". GUTOWSKI wrote, "Thank you for coming out. I hope I was able to help a little bit. Happy to plead guilty for what ever (sic) crimes I committed."

## GUTOWSKI's February 9 Interview

On February 9, 2021, GUTOWKSI presented himself at Federal Bureau of Investigation, 11 Centre Place, Newark, NJ, 07102 and again participated in a recorded non-custodial interview with SA Papke and TFO Scalcione.

During the interview, GUTOWSKI presented the jacket that he wore on January 6 during the Capitol Riot. *See Image 2*. GUTOWSKI indicated that the jacket was in the same state as it had been on January 6 and had not been laundered. He stated that the visible white stains were the result of milk that was being poured into the eyes of persons unknown to him who had been exposed to a chemical irritant spray after GUTOWSKI exited the Capitol Building.



*Image 2 – GUTOWSKI's jacket from January 6*

## Interview of John CARL

On February 17, 2021, FBI Agents interviewed CARL. CARL acknowledged being a friend of GUTOWSKI and traveling with him before and after the Capitol Riot. CARL admitted to entering the Capitol Building and provided details of his participation in the riot. CARL also identified himself and GUTOWSKI from footage recorded in the Capitol. CARL also provided the agents with footage he had recorded while at the Capitol on January 6, 2021.

Image 3, below, is a photo taken by CARL at the Capitol in which he identified himself and GUTOWSKI. CARL wore a burgundy coat with black trim and has a medium completion with dark hair and beard. CARL is on the left and GUTOWSKI is on the right.



*Image 3 – Photograph which CARL took and in which he identified himself (left) and GUTOWSKI (right)*

CARL described his experience at the Capitol and stated: "There were people pushing back and forth, you know, you know, we're pushing and then they get back into the building." CARL went on to state, "on our side, there wasn't a whole lot of like swinging or throwing … it was just you know guys putting their shoulder in and the police with their shields pushing back on the crowd." CARL advised he took a video that captured his location relative to rioters attempting to enter the Capitol Building. In the video, rioters were physically pushing against law enforcement officers securing an entrance to the building. CARL's position was at or very near the front of the rioters. *See Image 4*, below.



*Image 4 – Screenshot from video that CARL took showing confrontation with officers at the Senate Wing Door*

## **GUTOWSKI's Last Interview**

On June 16, 2021, GUTOWKSI again participated in a recorded non-custodial interview with SA Papke and TFO Scalcione. During the interview, GUTWOSKI was shown images of individuals matching the description of GUTOWSKI and CARL taken from D.C. Metropolitan Police ("MPD") body worn cameras ("BWC"). *See Image 6*, below. GUTOWSKI believed that the individual in the blue Carhart jacket was himself and the individual in the maroon and grey jacket was CARL.



*Image 5 – Screenshot from MPD BWC in which GUTOWSKI identified himself (left) and CARL (right) outside the Capitol, wearing masks*

## CARL's conduct outside the Capitol

On January 6, 2021, around 2 p.m., CARL and GUTOWSKI stood in the front line of rioters confronting MPD officers near the NW scaffold stairs on the West Front of the Capitol. These officers wore riot gear and were attempting to move through the crowd to join other officers defending the Lower West Terrace. When rioters closed in on them, these officers became surrounded. CARL joined other aggressive rioters and held his ground against officers attempting to move him back. Instead of heeding officers' commands to "move back," CARL raised his arms to push back against officers' attempts to move him, and CARL grabbed an officer's arm and baton. *See Images 6-8*, below.



*Image 6 – CARL turns to confront the MPD officer*

*Image 7 – Five seconds later, CARL pushes against the officer's arm and baton*



*Image 8 – CARL pushed back against the officer with both arms extended*

## GUTKOWSKI and CARL's actions inside the Capitol Building

After this physical confrontation with officers in riot gear at 2 p.m., the defendants entered the Capitol Building through the Senate Wing Door around 3:05 p.m.

*Image 9 – Screenshot from USCP surveillance showing CARL and GUTOWSKI entering the Capitol around 3:05 p.m.*

They appear to enter Senator Merkley's office off the left side of Image 9. Then CARL proceeds down the hallway, while GUTKOWSKI stays near the Senate Wing Door.

Based on the foregoing, your affiant submits that there is probable cause to believe that CARL violated 18 U.S.C. § 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of Section 231 of Title 18, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Joint Session of Congress where the Senate and House count Electoral College votes.

Your affiant submits that there is also probable cause to believe that GUTOWSKI and CARL violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that GUTOWSKI and CARL violated 40 U.S.C. §§ 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 13th day of August 2024.

Zia M. Faruqui

The Honorable Zia M. Faruqui
U.S. MAGISTRATE JUDGE

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
Northern District of Ohio

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No.   3:24MJ5305 |
| Richard Gutowski | ) |
| | ) |
| | ) Charging District's Case No.   1:24MJ250 |
| Defendant | ) |

**FILED**

**1:56 pm Sep 16 2024**

**Clerk U.S. District Court**
**Northern District of Ohio**
**Toledo**

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* ___District of Columbis___ .

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)    a hearing on any motion by the government for detention;

(6)    request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒    an identity hearing and production of the warrant.

☒    a preliminary hearing.

☐    a detention hearing.

☐    an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:    9/16/24

_Richard Gutowski by D. D_
*Defendant's signature*

_D. T_
*Signature of defendant's attorney*

_Darin Thompson_
*Printed name of defendant's attorney*

AO 199A (Rev. 06/19) Order Setting Conditions of Release                                                    Page 1 of ___4___ Pages

# UNITED STATES DISTRICT COURT
### for the

<table>
<tr><td>United States of America<br>v.<br><br>Richard Gutowski</td><td>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.  3:24MJ5305</td></tr>
<tr><td align="center">*Defendant*</td><td></td><td></td></tr>
</table>

**FILED**

**1:39 pm Sep 16 2024**

**Clerk U.S. District Court Northern District of Ohio Toledo**

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:    The hearing will be conducted by video teleconference
_____
*Place*

before Magistrate Judge Moxila A. Upadhyaya
_____

on    _____10/17/2024 12:30 pm_____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

$10,000.00, unsecured

AO 199B  (Rev. 10/20) Additional Conditions of Release                                      Page __2__ of __4__ Pages

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

    IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ )  (6)  The defendant is placed in the custody of:
    Person or organization _____
    Address *(only if above is an organization)* _____
    City and state _____    Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____     _____
                                *Custodian*                             *Date*

( ☑ )  (7)  The defendant must:
    ( ☑ )  (a)  submit to supervision by and report for supervision to the  U.S. Pretrial Services, _____ ,
                telephone number _____ , no later than  Call the U.S. Pretrial Services Office in Plano Texas no later than 1:00 p.m. CST on September 17, 2024, at 972-578-9696. Ask to speak to the Pretrial Duty Officer.
    ( ☑ )  (b)  continue or actively seek employment.
    ( ☐ )  (c)  continue or start an education program.
    ( ☑ )  (d)  surrender any passport to:     Clerk of Courts in Eastern District of Texas by 9/24/2024
    ( ☑ )  (e)  not obtain a passport or other international travel document.
    ( ☑ )  (f)  abide by the following restrictions on personal association, residence, or travel:     Eastern District of Texas, District of Columbia for court related purposes.
    ( ☑ )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____
    ( ☐ )  (h)  Undergo a psychiatric/mental health evaluation and/or counseling as directed by Pretrial Services. Take all medication as prescribed
    ( ☐ )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____
    ( ☐ )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
    ( ☑ )  (k)  not possess a firearm, destructive device, or other weapon.
    ( ☐ )  (l)  not use alcohol ( ☐ ) at all ( ☐ ) excessively.
    ( ☑ )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
    ( ☐ )  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
    ( ☐ )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer. Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.
    ( ☐ )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
        ( ☐ )  (i)  **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or
        ( ☐ )  (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
        ( ☐ )  (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
        ( ☐ )  (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions.  However, you must comply with the location or travel restrictions as imposed by the court.
            **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.
    ( ☐ )  (q)  submit to the following location monitoring technology and comply with its requirements as directed:

Page ____ of 4 Pages

## ADDITIONAL CONDITIONS OF RELEASE

(☐) (i)    Location monitoring technology as directed by the pretrial services or supervising officer; or
(☐) (ii)   Voice Recognition; or
(☐) (iii)  Radio Frequency; or
(☐) (iv)   Active or passive GPS.

(☐) (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

(☑) (s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(☑) (t) no contact with co-defendants.

(☐) (u) ————————————————————————————————————————————

☐    Participate in cognitive behavioral program as instructed by the U.S. Pretrial Services and Probation Officer or the Court.

☐    Prohibition on Access to Computer/Internet: The defendant is prohibited from accessing any computer, Internet Service Provider, bulletin board system or any other public or private computer network or the service at any location * (including employment or education) without prior written approval of the U.S. Pretrial Services and Probation Office or the Court. Any approval shall be subject to any conditions set by the U.S. Pretrial Services and Probation Office or the Court with respect to that approval. Any computer found is subject to seizure and/or search.  A search will not be conducted prior to approval of the Court.

☐    Computer/Internet Access Permitted: The defendant shall consent to the U.S. Pretrial Services and Probation Office conducting periodic unannounced examinations of his/her computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his/her computer(s), at his/her expense, any hardware/software to monitor his/her computer use or prevent access to particular materials. The defendant hereby consents to periodic inspection of any such installed hardware/software to insure it is functioning properly. The defendant shall provide the U.S. Pretrial Services and Probation Office with accurate information about his/her entire computer system (hardware/software); all passwords used by him/her; and his/her Internet Service Provider(s); and will abide by all rules of the Computer Restriction and Monitoring Program.

☐    Computer/Internet Restrictions: The defendant is prohibited from accessing any on-line computer service at any location (including employment or education) without prior written approval of the U.S. Pretrial Services and Probation Office or the Court. This includes any Internet Service Provider, bulletin board system or any other public or private computer network. Any approval shall be subject to conditions set by the U.S. Pretrial Services and Probation Office or the Court with respect to that approval.

The defendant shall consent to the U.S. Pretrial Services and Probation Office conducting periodic unannounced examinations of his/her computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his/her computer(s), at the defendant's expense, any hardware/software to monitor his/her computer use or prevent access to particular materials. The defendant hereby consents to periodic inspection of any such installed hardware/software to insure it is functioning properly.

The defendant shall provide the U.S. Pretrial Services and Probation Office with accurate information about the defendant's entire computer system (hardware/software); all passwords used by him/her; and the defendant's Internet Service Provider(s); and will abide by all rules of the Computer Restriction and Monitoring Program.

☐    No Contact with Minors: The defendant shall not associate or have verbal, written, telephone, or electronic communication with any person under the age of 18 except in the presence of the parent or legal guardian of said minor. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal in order to obtain ordinary and usual commercial services.

The defendant shall not frequent or loiter within 1000 feet of schoolyards, playgrounds, theme parks, arcades, swimming pools, skating rinks, toy stores and other places where persons under the age of 18 play, congregate, or gather, without the prior express written approval of the U.S. Pretrial Services and Probation Office.

The defendant shall not seek, obtain or maintain any employment, volunteer work, church or recreational activities involving minors (persons under the age of 18) in any way without the prior express written approval of the U.S. Pretrial Services and Probation Office.

AO 199C   (Rev. 09/08) Advice of Penalties                                    Page ___4___ of ___4___ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Richard Gatouski by D. P.
*Defendant's Signature*

_____
Denton, TX
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.

(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____9/16/2024_____          _____
                                                                   *Judicial Officer's Signature*

                                              Darrell A. Clay, U.S. Magistrate Judge
                                              _____
                                                           *Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
### for the

Northern District of Ohio

<table>
<tr><td>United States of America</td><td>)</td><td></td></tr>
<tr><td style="text-align:center">v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Case No.  3:24MJ5305</td></tr>
<tr><td style="text-align:center">Richard Gutowski</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td style="text-align:center"><em>Defendant</em></td><td>)</td><td>1:24MJ250 District of Columbia</td></tr>
</table>

**FILED**

**1:37 pm Sep 16 2024**

**Clerk U.S. District Court
Northern District of Ohio
Toledo**

## APPEARANCE BOND

### Defendant's Agreement

I, _____ Richard Gutowski _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X )    to appear for court proceedings;
( X )    if convicted, to surrender to serve a sentence that the court may impose; or
( X )    to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1)   This is a personal recognizance bond.

( X ) (2)   This is an unsecured bond of $  10,000.00 _____ .

(   ) (3)   This is a secured bond of $ _____ , secured by:

(   ) (a) $ _____ , in cash deposited with the court.

(   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

If this bond is secured by real property, documents to protect the secured interest may be filed of record.

(   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)  all owners of the property securing this appearance bond are included on the bond;
(2)  the property is not subject to claims, except as described above; and
(3)  I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date:  09/16/2024

*Richard Gatowski by D. TZ*
_____
Defendant's signature

*Richard Gatowski*
_____
Surety/property owner – printed name

*Richard Gatowski by D. TZ*
_____
Surety/property owner – signature and date

_____
Surety/property owner – printed name

_____
Surety/property owner – signature and date

_____
Surety/property owner – printed name

_____
Surety/property owner – signature and date

Sandy Opacich,
*CLERK OF COURT*

Date:  09/16/2024

_____    Deputy Clerk
*Signature of Clerk or Deputy Clerk*

Approved.

Date:  09/16/2024

_____    Darrell A. Clay, U.S. Magistrate Judge
*Judge's signature*

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 3:24MJ5305 |
| | ) | |
| Richard Gutowski | ) | Charging District:     District of Columbia |
| *Defendant* | ) | Charging District's Case No.  1:24MJ250 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges.  If the time to appear in that court has not yet been set, the defendant must appear when notified to do so.  Otherwise, the time and place to appear in that court are:

| Place: | Courtroom No.:  via video conference |
|---|---|
| | Date and Time: 10/17/2024 12:30 pm |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:       09/16/2024

_____
*Judge's signature*

Darrell A. Clay, U.S. Magistrate Judge
*Printed name and title*

# U.S. District Court
## NORTHERN DISTRICT OF OHIO (Toledo)
## CRIMINAL DOCKET FOR CASE #: 3:24-mj-05305-DAC All Defendants

Case title: United States of America v. Gutowski

Date Filed: 09/16/2024

Other court case number: 1:24MJ250 District of Columbia

Date Terminated: 09/16/2024

Assigned to: Magistrate Judge Darrell A. Clay

**Defendant (1)**

**Richard Gutowski**
*TERMINATED: 09/16/2024*

represented by **Darin Thompson**
Office of the Federal Public Defender - Cleveland
Northern District of Ohio
750 Skylight Office Tower
1660 West Second Street
Cleveland, OH 44113
216-522-4856
Fax: 216-522-4321
Email: darin_thompson@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*
*Bar Status: Active*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| 18:1752(a)(1) Entering and Remaining in a Restricted Building or Grounds | |

18:1752(a)(2) Disorderly and Disruptive
Conduct in a Restricted Building or
Grounds

40:5104(e)(2)(D) Disorderly Conduct in a
Capitol Building

40:5104(e)(2)(G) Parading, Picketing, and
Demonstrating in a Capitol Building

---

**Plaintiff**

| | | |
|---|---|---|
| **United States of America** | represented by | **Matthew D. Simko** |
| | | Office of the U.S. Attorney - Toledo |
| | | Northern District of Ohio |
| | | 3rd Floor |
| | | 4 Seagate |
| | | Toledo, OH 43604 |
| | | 419-241-0753 |
| | | Fax: 419-259-6360 |
| | | Email: matthew.simko@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | *Bar Status: Govt* |

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 09/16/2024 | | Arrest (Rule 5) of Richard Gutowski (1) on 9/13/2024. (R,Ke) (Entered: 09/16/2024) |
| 09/16/2024 | 1 | Rule 5 Warrant received as to Richard Gutowski (1). (R,Ke) (Additional attachment(s) added on 9/16/2024: # 1 District of Columbia Complaint) (R,Ke). (Entered: 09/16/2024) |
| 09/16/2024 | | Scheduling **Order** [non-document] as to Richard Gutowski (1). Rule 5 Initial Appearance set for 9/16/2024 at 12:30 PM in to be held by video conference. Magistrate Judge Darrell A. Clay on 9/16/2024. (R,Ke) (Entered: 09/16/2024) |
| 09/16/2024 | | **Minutes of proceedings** [non-document] before Magistrate Judge Darrell A. Clay. Initial Appearance in Rule 5(c)(3) Proceedings as to Richard Gutowski (1) held on 9/16/2024. Government appeared by attorney Matt Simko; Defendant appeared with Federal Public Defender Darin Thompson; Officer Hayden Collins appeared for U.S. Pretrial Services. All participants consented to appear via audio/video conference. Charges read. Financial affidavit executed and approved. Office of the Federal Public Defender appointed to represent defendant. Parties advised of the Due Process Protections Act. Defendant waived Rule 5 identity hearing and preliminary hearing. Defendant released on $10,000.00 unsecured bond with terms and conditions as stated on the record. Defendant ordered to appear via video conference in the District of Columbia on 10/17/2024 at 12:30 p.m. (Court Reporter ECRO G. Gomula) Time: 27 minutes. (R,Ke) (Entered: 09/16/2024) |
| 09/16/2024 | 3 | CJA 23 Financial Affidavit by Richard Gutowski (1). Magistrate Judge Darrell A. Clay on 9/16/2024. (R,Ke) (Entered: 09/16/2024) |

| 09/16/2024 | | **Order** [non-document] Appointing Federal Public Defender Darin Thompson for Richard Gutowski. The Federal Public Defender must report to the Court any significant changes in defendant's employment or financial circumstances sufficient to enable defendant to pay, in whole or in part, for legal representation. Magistrate Judge Darrell A. Clay on 9/16/2024. (R,Ke) (Entered: 09/16/2024) |
|---|---|---|
| 09/16/2024 | 4 | Waiver of Rule 5(c)(3) Hearing by Richard Gutowski (1). (R,Ke) (Entered: 09/16/2024) |
| 09/16/2024 | 5 | Appearance Bond Entered as to Richard Gutowski (1) in amount of $ 10,000.00, unsecured. (R,Ke) (Entered: 09/16/2024) |
| 09/16/2024 | 6 | **Order** Setting Conditions of Release as to Richard Gutowski (1). Magistrate Judge Darrell A. Clay on 9/16/2024. (R,Ke) (Entered: 09/16/2024) |
| 09/16/2024 | 7 | Commitment to Another District as to Richard Gutowski (1). Defendant committed to District of Columbia. Magistrate Judge Darrell A. Clay on 9/16/2024. (R,Ke) (Entered: 09/16/2024) |
| 09/16/2024 | | Notice to District of Columbia of a Rule 5 Initial Appearance as to Richard Gutowski (1). Your case number is: 1:24MJ250. Using your PACER account, you may retrieve the docket sheet and any text-only entry via the case number link. The following document link(s) is also provided: 7 Commitment to Another District, 4 Waiver of Rule 5(c)(3) Hearing, 6 Order Setting Conditions of Release, 1 Rule 40 Warrant from Another District, 5 Bond. If you require certified copies of any documents, please send a request to ohndml_InterDistrictTransfer@ohnd.uscourts.gov. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov. (R,Ke) (Entered: 09/16/2024) |